TUTTLE, Senior Circuit Judge:
This appeal tests the correctness of the denial by the bankruptcy court of a claim in the Chapter X reorganization of Southwest Restaurant Systems, Inc. for attorneys’ fees in payment for services rendered by the appellant lawyers for two stockholders of the corporation, holding two-thirds of common stock and serving as two of three directors of the corporation which undertook to “indemnify” them for their counsel fees.
Southwest was in the bankruptcy court at a time when John H. Greer, Jr. and Charles Gilbert Harris, the only officers, owners of two-thirds of the stock and two of the three directors, had been subjected to a suit by the third stockholder, Harvey R. McElhanon, Jr., broadly charging misfeasance, nonfeasance, malfeasance, and misappropriation of corporate funds. The claim here is based upon a joint resolution of the board of directors of the debtor, and three other corporations of which Greer and Harris *1242 were majority stockholders and directors. It provided:
RESOLVED, that the above referred to corporations reimburse John H. Greer, Jr. and Charles Gilbert Harris for any moneys paid to Robert Ong Hing as a result of his representing them in legal matters pertaining to the lawsuit of McElhanon vs. Greer, et al., and that the corporations assume and pay to Mr. Hing for any past or future services rendered by him in connection with said case.
The trustee attacks this indemnification resolution on the ground that it does not comply with the Arizona statute § 10-198B 1966 Ariz.Rev.Stat. which was in effect at the time of the transaction:
A corporation may indemnify any and all of its directors and officers . . ., against expenses incurred by them, including legal fees, or judgments or penalties rendered or levied against any such person in a legal action brought against any such person for actions or omissions alleged to have been committed by any such person while acting within the scope of his employment as a director or officer of the corporation, provided that the board of directors shall determine in good faith that such person did not act, fail to act, or refuse to act wilfully or with gross negligence or with fraudulent or criminal intent in regard to the matter involved in the action, and further provided that authorization therefor is contained in the corporation’s articles of incorporation or bylaws. A bylaw for such purpose shall be adopted or rejected by a vote of a majority of the shares present and voting at a special or general meeting. . (Emphasis added.)
We are of the view that this provision provides the legislative pronouncement as to how all claims for indemnification must be processed. Since there can be no doubt but that the state of Arizona has entire discretion in the granting to a corporate body of rights and privileges which it seeks to exercise, there can be no doubt but that these requirements are binding on the corporation that sought to take the indemnity action.
It is conceded by the parties that the services performed by Stockton and Hing, for which the claim was filed, were performed for the individuals and not for the corporation. So much, indeed, is indicated by the resolution itself which speaks of “moneys paid to Robert Ong Hing as a result of his representing them [Greer and Harris] in legal matters pertaining to the lawsuit of McElhanon v. Greer, et a 1." It is clear therefore that, as found as a fact by the bankruptcy court, the services were solely for the individuals and did not benefit the corporation.
Looking to the provision of § 10-198B, it is plain that the board of directors[1] made no finding “in good faith that such person did not act, fail to act, or refuse to act wilfully or with gross negligence or with fraudulent or criminal intent in regard to the matter involved in the action.” The facts are that, again as found by the bankruptcy court, proceedings in that court, of which the bankruptcy judge could take judicial notice, were such as would make it impossible for the board of directors to have made any such finding had they sought to do so.
The trustee further points to the fact that the second requirement in the indemnification statute that “authorization therefor is contained in the corporation’s articles of incorporation or bylaws” could not be satisfied in this case. There was no such authorization contained in either the articles of incorporation or in the bylaws of the corporation.
We conclude, therefore, that the purported indemnification resolution put on the minutes by the two officers whose debts were thus to be discharged by their corporation did not validly create an obligation of the debtor in reorganization.
The judgment is AFFIRMED.

. We pretermit the question whether there was a true board of directors meeting, since only the two benefitted directors were present, and there was a dispute about the timing of the meeting and notice to the remaining director.